IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUMICO LIFE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>RITA TIDWELL and AMERICAN<br>FUNERAL FINANCIAL, LLC<br><br>     Defendants. | §<br>§<br>§<br>§<br>§   C.A. No. __3:19-cv-00295__<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

Plaintiff, Lumico Life Insurance Company ("Lumico") files its complaint against Rita Tidwell and American Funeral Financial, LLC, and states:

### I. PARTIES

1.   **Plaintiff**.  Lumico is a Missouri corporation with its principal place of business in Armonk, New York.

2.   **Defendant Rita Tidwell**.  Rita Tidwell ("Mrs. Tidwell") is a resident and citizen of Texas and may be served with process at 10725 Eagle Pass Lane, El Paso, Texas 79924.

3.   **Defendant American Funeral Financial, LLC**.  American Funeral Financial, LLC ("American Funeral") is a South Carolina limited liability company with its principal place of business in South Carolina. It may be served with process via the Texas Secretary of State by mail to its registered agent, Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina 29201.

### II. JURISDICTION AND VENUE

4.   **Jurisdiction**.  The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332.  In that regard, Lumico is a citizen of Missouri and New York, Mrs. Tidwell is a citizen of Texas, and American Funeral is a citizen of South Carolina. There is complete

diversity of citizenship between Lumico and Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.  **Venue**.  Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or admissions giving rise to the claim occurred in this judicial district, the subject insurance application was signed in this judicial district, and Mrs. Tidwell resides in this judicial district.

### III.  OPERATIVE FACTS

6.  **The Application**.  On or about September 4, 2018, Mickie Tidwell (the "Insured") applied to Lumico for a Guaranteed Issue Graded Death Benefit Whole Life Insurance Policy. The Insured designated Mrs. Tidwell, who is a Defendant herein, as beneficiary. Further, he consented to electronic delivery of the Policy.

7.  **The Policy**.  Relying on the representations and statements on the application, Lumico issued Guaranteed Issue Graded Death Benefit Whole Life Insurance Policy no. G0261793 (the "Policy") to the Insured on September 8, 2018, with graded death benefit. On the cover page, the Policy stated:

> GUARANTEED ISSUE GRADED DEATH BENEFIT INDIVIDUAL WHOLE LIFE POLICY
> LIMITED DEATH BENEFIT DURING FIRST 2 YEARS FOR NON-ACCIDENTAL DEATH
> NONPARTICIPATING

Immediately below this language, the Policy stated:

> This is a level Premium **nonparticipating** whole life insurance policy providing a limited benefit from death from natural causes in the first two Policy years with the full Coverage Amount payable in the third policy year and beyond. The full Coverage Amount will be payable in the first two Policy years only if the Insured's death was accidental as defined herein.

The Schedule of Benefits contained a table reflecting the limited benefit in the first two years:

---
**COMPLAINT**                                                                 **PAGE 2**

|  | Temporary Accidental Death Benefit | All Other Causes |
|---|---|---|
| Year 1 | $20,000.00 | 110% of Premiums paid |
| Year 2 | $20,000.00 | 120% of Premiums paid |
| Year 3 and beyond | $0 | $20,000.00 |

Consistent with the Schedule of Benefits, the Policy defined Death Benefit:

> **Death Benefit** means in the first year 110% of the total Premiums paid to the date of the Insured's Death, and in the second year 120% of the total Premiums paid to the date of the Insured's Death. Thereafter, the Death Benefit will equal the Coverage Amount. The Death Benefit is used in determining the Policy Proceeds. The reduced Death Benefit in the first two Policy years is only applicable to death from natural causes.

The Policy provided that, if for any reason the Insured was not satisfied, he could return the Policy within 30 days of delivery and receive a full refund of premiums. He did not do so.

8. **Death of Insured**. In January 2019, the Insured died of natural causes. The death occurred approximately 4 months of the effective date of the Policy.

9. **The Claim**. Mrs. Tidwell thereafter submitted a claim for death benefits under the Policy, and American Funeral submitted an assignment in its favor, in the amount of $19,134.75.

10. **Lumico Pays the Claim**. On April 23, 2019, in accordance with the Policy, Lumico paid benefits equal to 110% of premiums ($593.72) to Mrs. Tidwell's assignee, American Funeral.

11. **The Dispute.** Thereafter, Mrs. Tidwell demanded that Lumico should have paid the full benefit of $20,000.00, even though the Insured died within one year of the Policy's effective date, and demanded in excess of $75,000.00 to resolve her claim.

## IV. CAUSE OF ACTION

12. **Declaratory Judgment**. Lumico requests the Court to grant declaratory judgment relief pursuant to 28 U.S.C. § 2201 and/or Tex. Civ. Prac. & Rem. Code § 37.001 and to declare the rights of the parties under the Policy. Lumico seeks an adjudication that it has no obligation or liability under the Policy to pay any further benefits, and that its obligation has been satisfied.

## V. RELIEF REQUESTED

13. **Prayer**. Lumico requests the following relief:

   a. That Defendants be served with process and be required to answer in the time and manner prescribed by law;

   b. That the Court grant the declaratory judgment relief requested above; and

   c. That Lumico have such other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

By: */s/ Andrew G. Jubinsky*
   Andrew G. Jubinsky
   Texas Bar No. 11043000
   andy.jubinsky@figdav.com
   Lance V. Clack
   Texas Bar No. 24040694
   lance.clack@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX  75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR PLAINTIFF